UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

FILED

AUG 21 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

SANDRA SIMON, individually and as )
Executor of the Estate of MICHAEL )
FREDDIE DAVIS, )
                 )
Plaintiff, )   Case No.
                 )
v. )
                 )
WARDEN TOMMY SCARANTINO; )
DR. OSOLE; PHYSICIAN'S )
ASSISTANT SAPP; DOES 1-10, in their )
official and individual capacities, )

Defendants.

## COMPLAINT

JURY DEMAND ENDORSED HEREIN.

**COMES NOW**, Sandra Simon, individually and as the Executor of the Estate of Michael Freddie Davis and asserts the following.

## I. INTRODUCTION

In a tragic and heart-wrenching tale of neglect and maltreatment, Sandra Simon, both individually and as the executor of the Estate of Michael Freddie Davis, seeks justice for the egregious wrongs that led to the untimely death of her loved one. Despite his vulnerability and the clear medical directives that necessitated delicate care, Mr. Davis was subjected to brutal and inhumane treatment at the hands of those sworn to protect and heal him. Dr. Osole, Physician's Assistant Sapp, and Warden Thomas Scarantino, through a series of deliberate and repeated actions, not only ignored the critical medical needs of Mr. Davis but exacerbated his suffering, ultimately leading to his death.

The defendants were fully aware of Mr. Davis's condition and the specific medical requirements his situation demanded. Yet, they chose to overlook these needs, displaying a pattern of neglect and deliberate indifference that shocks the conscience. The repeated refusals to provide essential medical attention, even after being presented with undeniable evidence of Mr. Davis's deteriorating condition, underscore a flagrant disregard for human life and well-being. This lawsuit seeks to hold accountable those whose actions, and inactions, have irrevocably harmed Ms. Simon and snatched away Mr. Davis's right to compassionate and competent medical care.

## II. JURISDICTION

1.

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the Complaint alleges violations of federal law.

2.

This Court has personal jurisdiction over the defendant because the defendant has conducted business within the Eastern District of North Carolina and the claims arising in this lawsuit are directly related to the defendant's business activities conducted within this jurisdiction. Additionally, the defendant has sufficient minimum contacts with the Eastern District of North Carolina, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

3.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and the defendant is subject to personal jurisdiction in this district with respect to this civil action.

## III. PARTIES

### 4.

Plaintiff Sandra Simon, an individual, whose address is 509 Cox Avenue, Thomasville, North Carolina 27360. The Plaintiff is a citizen of the State of North Carolina.

Defendant: Physician's Assistant Sapp, an individual, whose address is OLD N. CAROLINA HWY 75, BUTNER, NC 27509. Defendant Physician's Assistant Sapp is believed to be a citizen of the State of North Carolina.

### 5.

Defendant Dr. Osole, an individual, whose address is OLD N. CAROLINA HWY 75, BUTNER, NC 27509. Defendant Dr. Osole is believed to be a citizen of the State of North Carolina.

### 6.

Defendant Physician's Assistant Lane, an individual, whose address is OLD N. CAROLINA HWY 75, BUTNER, NC 27509. Defendant Physician's Assistant Lane is believed to be a citizen of the State of North Carolina.

### 7.

Defendant Warden Thomas Scarantino, an individual, whose address is OLD N. CAROLINA HWY 75, BUTNER, NC 27509. Defendant Warden Thomas Scarantino is believed to be a citizen of the State of North Carolina.

### 8.

All parties are believed to be domiciled in the State of North Carolina.

## IV. GENERAL ALLEGATIONS

9.

On June 28, 2023, Plaintiff's decedent, Michael Freddie Davis ("Mr. Davis"), attended a scheduled medical appointment at the Federal Medical Center Butner, located at OLD N. CAROLINA HWY 75, Butner, NC 27509, to consult with Defendant Dr. Osole, a urologist. During this appointment, Mr. Davis communicated to Dr. Osole his concerns regarding complications with his penile transplant, specifically its movement causing discomfort due to the steel bunk in his cell at FCI Butner Low.

10.

Mr. Davis requested Dr. Osole to facilitate the provision of a medically assigned mattress to alleviate his discomfort. Contrary to this request, Dr. Osole proceeded to physically examine Mr. Davis's penis by squeezing and jerking it, causing Mr. Davis significant pain and distress. Despite Mr. Davis's vocal expressions of pain and his explicit statement that he did not consent to the manner in which Dr. Osole was handling him, Dr. Osole continued with the forceful examination.

11.

Subsequently, Mr. Davis returned to his unit and reported the incident to Mr. Lane at approximately 12:50 PM the same day. Mr. Lane then informed Physician's Assistant ("PA") Sapp of the incident.

12.

PA Sapp met with Mr. Davis, who reported extreme pain and bleeding from his penis, expressing a belief that Dr. Osole had caused further damage to his penile transplant.

13.

PA Sapp directed Mr. Davis to return to Dr. Osole for further evaluation, where Mr. Davis reiterated his need for a medical mattress, which Dr. Osole again declined.

14.

On July 2, 2023, Mr. Davis met with Mr. Lane at the medical facility and reported worsening conditions, including increased pain and ongoing bleeding.

15.

On July 3, 2023, Mr. Davis sought assistance from PA Sapp, who after receiving a urine sample consisting entirely of blood, failed to facilitate any further medical examination or provide the requested medical mattress.

16.

Despite repeated requests for medical intervention and the provision of a medical mattress, Mr. Davis was consistently denied adequate medical care.

17.

On July 5, 2023, Mr. Davis's requests for medical attention and a medical mattress were again denied, with the medical staff only repeating the request for a urine sample.

18.

Mr. Davis continued to suffer severe pain and bleeding, and despite verification of his condition by Mr. Lane, he received no substantive medical treatment.

19.

On July 16, 2023, after enduring 18 days of denied medical care and worsening symptoms, Mr. Davis passed away due to complications arising from ileus and the removal of his penile prosthesis, conditions directly linked to the initial incident with Dr. Osole and subsequent neglect by medical staff.

20.

The actions and inactions of Defendants Dr. Osole, PA Sapp, and Warden Thomas Scarantino directly contributed to the deterioration of Mr. Davis's health and ultimately his untimely death.

### V. COUNT ONE - DELIBERATE INDIFFERENCE

21.

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

22.

The Defendants, including Dr. Osole, Physician's Assistant Sapp, and Warden Thomas Scarantino, had a duty to provide necessary medical care to ensure the health and safety of Mr. Michael Freddie Davis.

23.

On June 28, 2023, Mr. Davis reported to Dr. Osole severe pain and complications with his penile transplant, clearly communicating the urgent need for medical attention and a medically appropriate mattress to alleviate his condition.

24.

Despite Mr. Davis's explicit complaints and visible distress, Dr. Osole not only disregarded the urgent medical needs but further exacerbated Mr. Davis's pain and injury through rough and inappropriate handling of his sensitive medical condition.

25.

Following the exacerbation of his condition, Mr. Davis repeatedly informed both PA Sapp and Warden Scarantino about his worsening symptoms, including severe pain, constant bleeding, and the inability to use a standard mattress without aggravating his condition. On multiple occasions, specifically noted on June 28, 2023, July 3, 2023, and July 5, 2023, Mr. Davis sought medical intervention from PA Sapp and other medical staff, explicitly requesting the medically necessary mattress and urgent medical evaluation, all of which were denied or unaddressed.

26.

PA Sapp, despite being informed of Mr. Davis's critical condition, as evidenced by a urine sample consisting entirely of blood, failed to take appropriate medical action or provide the necessary medical equipment, acting with deliberate indifference to Mr. Davis's medical needs. Warden Scarantino, informed of Mr. Davis's deteriorating health and repeated denial of medical care, failed to intervene or ensure that Mr. Davis received the necessary medical attention, further demonstrating a disregard for Mr. Davis's health and well-being.

27.

The actions and omissions of Dr. Osole, PA Sapp, and Warden Scarantino, in their professional capacities, directly contributed to the worsening of Mr. Davis's medical condition, ultimately leading to his death on July 16, 2023, from complications directly related to the untreated and exacerbated medical issues.

28.

The deliberate indifference to Mr. Davis's medical needs and the failure to provide necessary medical care constitute a violation of his rights under applicable standards for the care of inmates and detainees, directly resulting in his undue suffering and untimely death.

The Defendants' actions and failures to act not only ignored the critical medical needs of Mr. Davis but also reflected a systemic failure to address and prioritize the health and safety of individuals under their care, amounting to deliberate indifference.

## VI. COUNT TWO - BIVENS ACTION

29.

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

30.

The Defendants named herein are federal actors, specifically a physician, a physician's assistant, and a warden, employed at the Federal Medical Center Butner, a federal facility.

31.

The Defendants, under color of federal authority, engaged in conduct that violated the constitutional rights of Michael Freddie Davis.

32.

On June 28, 2023, Dr. Osole, a federal employee, physically assaulted Mr. Davis during a medical examination by forcefully manipulating Mr. Davis's penile transplant, causing Mr. Davis immediate and severe pain, bleeding, and eventual degradation of his health, despite Mr. Davis's explicit protests and lack of consent to such invasive and aggressive treatment.

33.

Despite being informed of the severe pain and physical damage inflicted on Mr. Davis by Dr. Osole, Physician's Assistant Sapp, another federal employee, failed to take appropriate medical action, neglected to provide the medically necessary mattress, and refused multiple

requests for adequate medical evaluation and intervention, further exacerbating Mr. Davis's suffering and medical condition.

34.

Warden Thomas Scarantino, as the supervising federal authority at the Federal Medical Center Butner, failed to ensure that Mr. Davis received the necessary medical care after being made aware of the severity of Mr. Davis's medical condition and the misconduct of the medical staff under his supervision.

35.

The actions and omissions of Dr. Osole, Physician's Assistant Sapp, and Warden Thomas Scarantino directly led to the worsening of Mr. Davis's health, culminating in his death on July 16, 2023, from complications directly related to the trauma inflicted on June 28, 2023.

36.

The conduct of the Defendants was intentional, willful, and in reckless disregard of Mr. Davis's constitutional rights to bodily integrity and to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

37.

The Plaintiff, Sandra Simon, individually and as executor of the Estate of Michael Freddie Davis, has suffered damages as a direct and proximate result of the Defendants' actions, including emotional distress, loss of companionship, and the wrongful death of Mr. Davis, for which she seeks compensatory damages in an amount to be determined by a jury.

## VII. COUNT THREE - WRONGFUL DEATH

38.

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

39.

The Defendant, Dr. Osole, owed a duty of care to the decedent, Michael Freddie Davis, to provide competent and reasonable medical treatment and to refrain from actions that could foreseeably cause harm.

40.

On June 28, 2023, Dr. Osole breached this duty of care by physically manipulating the decedent's penile transplant in a rough and harmful manner, despite the decedent's explicit statements of pain and lack of consent to such treatment, thereby causing immediate physical injury and pain.

41.

The Defendant, Physician's Assistant Sapp, and Warden Thomas Scarantino also owed a duty of care to the decedent to ensure he received necessary medical treatment and accommodations, specifically a medically assigned mattress critical for his condition.

42.

Physician's Assistant Sapp and Warden Thomas Scarantino breached their duty of care by repeatedly ignoring the decedent's requests for medical attention and a medically assigned mattress, despite being aware of his worsening condition, including constant pain and bleeding, as evidenced by the interactions and medical requests made on multiple occasions from June 28, 2023, to July 16, 2023.

43.

The Defendants' actions and inactions directly caused the decedent, Michael Freddie Davis, to suffer from an exacerbated medical condition, leading to his death on July 16, 2023, from complications directly related to the initial trauma inflicted by Dr. Osole and the subsequent denial of appropriate medical care.

44.

As a direct and proximate result of the Defendants' negligence and wrongful acts, the decedent suffered bodily injury, pain, suffering, and ultimately death, which also led to significant losses to the Plaintiff, Sandra Simon, both individually and as executor of the Estate of Michael Freddie Davis.

45.

The Plaintiff, as a direct consequence of the wrongful death of Michael Freddie Davis, is entitled to damages in an amount to be determined by a jury, which addresses the full extent of the decedent's suffering and the subsequent impact on his estate and family members.

46.

The conduct of Dr. Osole, Physician's Assistant Sapp, and Warden Thomas Scarantino exhibited a reckless disregard for the health and safety of the decedent, warranting an award of punitive damages to serve as a deterrent against such conduct in the future.

## VIII. COUNT FOUR - VIOLATION OF 42 U.S.C. § 1983

47.

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

48.

At all times relevant to this Complaint, Defendant Dr. Osole was acting under color of state law as a physician employed at the Federal Medical Center Butner, a federal facility.

49.

At all times relevant to this Complaint, Defendant Physician's Assistant Sapp was acting under color of state law as a physician's assistant employed at the Federal Medical Center Butner.

50.

At all times relevant to this Complaint, Defendant Warden Thomas Scarantino was acting under color of state law in his capacity as Warden at the Federal Medical Center Butner. Defendants, by their actions as described herein, deprived Mr. Michael Freddie Davis of rights, privileges, or immunities secured by the Constitution and laws of the United States, specifically the Eighth Amendment right to be free from cruel and unusual punishment.

51.

On June 28, 2023, Mr. Davis explicitly informed Dr. Osole about severe discomfort and potential harm due to the existing conditions of his penal transplant and the need for a medically assigned mattress to avoid further injury.

52.

Despite Mr. Davis's expressed concerns and visible distress, Dr. Osole proceeded to physically manipulate Mr. Davis's penis in a rough and painful manner, exacerbating his medical condition and causing immediate and severe pain and bleeding.

53.

Following this incident, Mr. Davis reported the pain, bleeding, and the inappropriate and rough treatment by Dr. Osole to Physician's Assistant Sapp, who despite acknowledging the severity of the situation, failed to provide the necessary medical intervention or the medically necessary mattress, and instead sent Mr. Davis back to Dr. Osole who again refused to address Mr. Davis's medical needs.

54.

Over the subsequent days leading up to Mr. Davis's death on July 16, 2023, despite repeated requests for medical attention and assistance, Defendants Dr. Osole, PA Sapp, and Warden Scarantino each failed to take adequate steps to address the urgent and worsening medical condition of Mr. Davis, directly leading to his untimely death from complications that were clearly communicated to and disregarded by the medical staff.

55.

The actions and inactions of Defendants Dr. Osole, PA Sapp, and Warden Scarantino constitute deliberate indifference to the serious medical needs of Mr. Davis, in violation of his Eighth Amendment rights, thereby fulfilling the elements required for a claim under 42 U.S.C. § 1983.

As a direct and proximate result of the violations of Mr. Davis's constitutional rights as described herein, Mr. Davis suffered extreme physical pain, emotional distress, and ultimately death, for which his estate, represented by Plaintiff Sandra Simon, seeks compensatory damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other relief as this Court deems just and proper.

### IX. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Sandra Simon, individually and as executor of the Estate of Michael Freddie Davis, respectfully prays this Court:

a. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

b. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

c. Award Plaintiff actual damages in an amount to be determined at trial and with the appropriate multiplier;

d. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available;

e. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation; and

f. Award such other relief, as the Court deems appropriate.

JURY DEMAND:

Sandra Simon HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.

Respectfully submitted,

Sandra Simon
Plaintiff
509 Cox Avenue
Thomasville, NC 27360

## CERTIFICATE OF SERVICE

I, Sandra Simon, hereby certify I have served a copy of this Complaint on August 19, 2024, to the Clerk of Court for the U.S. District Court for the Eastern District of North Carolina at the following address:

Clerk of Court
310 New Bern Ave #174

Raleigh, NC 27601

Sandra Simon